UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TREEHOUSE FOODS, INC., and ) <br> TREEHOUSE PRIVATE BRANDS, ) <br> INC., ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on a disability, and to provide appropriate relief to Deborah Turner ("Turner"), who was adversely affected by such practices. The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendants Treehouse Foods, Inc. and Treehouse Private Brands, Inc. ("Defendants"), discriminated against Turner by denying her a reasonable accommodation and discharging her because of her disabilities, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Treehouse Private Brands, Inc. is a wholly owned subsidiary of Treehouse Foods, Inc. and at all relevant times, Defendants conducted business in the State of Georgia and have continuously had at least 15 employees.

5.   At all relevant times, Defendants have been employers engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111 (7), which incorporate by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

6.   At all relevant times, Defendants have been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **ADMINISTRATIVE PROCEDURES**

7.   More than thirty days prior to the institution of this lawsuit, Turner filed a charge of discrimination with the Commission alleging violations of the ADA by Defendants.

8.   On August 18, 2020, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.   On October 27, 2020, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since on or about July 2018, Defendants have engaged in unlawful employment practices at their Forest Park, Georgia facility in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b).

12. Turner is a qualified individual with a disability under 42 U.S.C. §§ 12102 and 12111(8).

13. Turner has the following medical conditions: COPD, high blood pressure, diabetes, chronic bronchitis, a bleeding ulcer, and chronic pain, which substantially limit her ability to perform major life activities, including but not limited to, respiratory, gastrointestinal, and circulatory functions and the functions of breathing, walking, and standing.

14. Defendants knew that Turner was disabled when Defendants terminated her from the Machine Operator position on or about May 7, 2019.

15. Turner intermittently used Family Medical Leave Act leave and Short-Term Disability benefits for treatment of her disabilities from on or about 2004 through the date of her termination.

16. On five or more occasions between on or about July 30, 2018 through May 1, 2019, Defendants incorrectly penalized Turner for absences relating to her disabilities and the treatment of her disabilities.

17. For example, on or about July 30, 2019, Turner was absent because of her disabilities.

18. Turner provided medical documentation excusing her absence on July 30, 2018 due to her disabilities to Defendants and Defendants' third-party leave administrator, Sedgwick ("Sedgwick").

19. On or about August 8, 2018, Sedgwick approved Turner for Short-Term Disability benefits from July 23, 2018 through July 30, 2018.

20. Defendants assessed Turner an attendance infraction point for her July 30, 2018 absence, and Defendants did not remove the point from her record, in violation of Defendants' attendance policy.

21. On or about August 14, 2018, Turner was absent due to complications from her disabilities.

22. Turner provided medical documentation excusing her absence on August 14, 2018 to Defendants and Sedgwick.

23. Sedgwick approved Charging Party for FMLA intermittent leave from June 19, 2018 through August 14, 2018.

24. Defendants assessed Turner an attendance infraction point for her August 14, 2018 absence, and Defendants did not remove the point from her record, in violation of Defendants' attendance policy.

25. On or about October 30, 2018, Turner was hospitalized because of her disabilities.

26. Turner provided medical documentation excusing her absence on October 30, 2018 to Defendants and Sedgwick.

27. Defendants assessed Turner an attendance infraction point for her October 30, 2018 absence, and Defendants did not remove the point from her record, in violation of Defendants' attendance policy.

28. On or about April 1, 2019, Turner received a verbal warning for attendance, and Turner explained to Defendants that her point accumulation was incorrect, as certain absences were related to treatment of her disabilities, but inaccurately remained on her record.

29. On or about April 10, 2019, Turner received a written warning and again explained to Defendants that her point accumulation was incorrect, as certain absences were related to treatment of her disabilities, but inaccurately remained on her record.

30. On or about April 11, 2019, Turner underwent an endoscopy relating to her disabilities.

31. Turner provided medical documentation excusing her absence for April 11, 2019 treatment of her disabilities to Defendants and Sedgwick.

32. Defendants assessed Turner an attendance infraction point for her April 11, 2019 absence, and Defendants did not remove the point from her record, in violation of Defendants' policy.

33. On or about April 11, 2019, Turner was placed on decision-making leave and required to write an apology statement to Defendants.

34. Turner completed the statement, and again explained to Defendants that her point accumulation was incorrect, as certain absences were related to treatment of her disabilities, but inaccurately remained on her record.

35. On or about April 22, 2019, Turner was hospitalized because of her disabilities.

36. Turner provided medical documentation excusing her absence on April 22, 2019 for treatment of her disabilities to Defendants and Sedgwick.

37. Sedgwick approved Turner on or about June 4, 2019 for Short-Term Disability benefits from April 22, 2019 through May 1, 2019.

38. Defendants assessed Turner an attendance infraction point for her April 22, 2019 absence, and Defendants did not remove the point from her record, in violation of Defendants' policy.

39. Defendant's denial of disability-related leave protection caused Turner to accumulate more than eleven (11) attendance points.

40. Turner returned to work after her hospitalization, on or about May 2, 2019.

41. On or about May 7, 2019, Defendants terminated Turner's nineteen-year employment for violation of the attendance policy.

42. During the termination meeting, Turner again explained to human resources, her supervisor, and the union steward that her attendance infraction point record was incorrect because she had been absent for treatment relating to her disabilities.

43. Defendants unlawfully refused to accommodate Turner and unlawfully terminated Turner's employment because of her disabilities despite that fact that Turner could perform the essential functions of her job with the accommodation that she requested and was refused.

44. The effects of the practices complained of above have been to deprive Turner of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

45. The unlawful employment practices complained of above were intentional.

46. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to the federally protected rights of Turner.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities to any individual based on an actual or perceived disability without performing a full and complete objective individualized assessment of the employee's ability to safely perform the job, from denying reasonable accommodations to disabled employees, or engaging in any other employment practice that discriminates on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees with

disabilities and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make Turner whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendants to make Turner whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendants to make Turner whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Turner punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

s/ *Robyn M. Flegal*
Robyn M. Flegal, Esq.
Trial Attorney
Georgia Bar No. 599572
robyn.flegal@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
(404) 562- 6882 (direct)
(404) 562-6905 (facsimile)
