UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:21-CV-00204-WMR-JKL |
| v. | ) ) ) | |
| TREEHOUSE FOODS, INC., and TREEHOUSE PRIVATE BRANDS, INC., | ) ) ) ) | |
| Defendants. | ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans With Disabilities Act ("the ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendants Treehouse Foods, Inc. and Treehouse Private Brands, Inc. discriminated against Deborah Turner ("Turner"), a former employee of TreeHouse Private Brands, Inc.'s Forest Park, Georgia plant ("the Plant"), by denying her intermittent leave as a

reasonable accommodation for her disabilities and by discharging her because of her disabilities, in violation of the ADA.

TreeHouse Foods, Inc. denied that it employed Turner, and Defendants denied that Turner was refused reasonable accommodations required by the ADA and/or otherwise discriminated against in violation of the ADA.

The Commission and Defendants (collectively, "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before the Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the Parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Treehouse Private Brands, Inc. shall not, at any of its facilities in Georgia, discharge a qualified employee due to their disability, and shall not

discriminate against a qualified individual on the basis of disability in regard to job application procedures or terms of employment by denying a reasonable accommodation for known physical or mental limitations, unless the accommodation would impose an undue hardship.

    2.    Treehouse Private Brands, Inc. shall not, at any of its facilities in Georgia, retaliate against any person because of their opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

    3.    TreeHouse Private Brands, Inc. shall pay Turner the sum of fifty thousand dollars ($50,000.00) in settlement of the claims raised in this action. This payment shall be made within ten (10) business days after the Court approves this Consent Decree, and TreeHouse Private Brands, Inc. shall mail the check to Turner at an address provided by the Commission. Within five (5) business days after the check has been sent, TreeHouse Private Brands, Inc. shall send to the Commission a copy of the check and proof of delivery to Turner.

Beginning within ten (10) business days of the entry of this Consent Decree, TreeHouse Private Brands, Inc. shall update its records to reflect that as of May 7, 2019, Turner reached full eligibility for retirement and is considered to have retired

on May 7, 2019. Beginning in the month in which this Consent Decree is entered by the Court and going forward for each month Turner is entitled to benefits under TreeHouse Private Brands, Inc.'s retirement plan, Turner shall receive the full benefits to which she would have been eligible had she been permitted to retire on May 7, 2019.

Neither the Commission nor TreeHouse Private Brands, Inc. or TreeHouse Foods, Inc. make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Turner may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) business days of the entry of this Consent Decree by the Court, the Plant shall eliminate from the employment records and personnel file of Turner any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 846-2019-17004, to include any complaints of discrimination, her attendance record between July 2018 and May 2019, the Plant's internal communications regarding Turner's attendance record between July 2018 and May 2019, and the related events that occurred thereafter, including the filing of her EEOC Charge and this litigation. Within ten (10) business days of the entry of this Consent Decree by the Court,

TreeHouse Private Brands, Inc. shall report compliance with this provision to the Commission.

    5.    The Plant shall maintain and disseminate a formal, written ADA policy (the "Policy") which shall address the ADA's prohibition of discrimination against any person on the basis of disability within the meaning of the ADA and the process and procedures for requesting and evaluating a reasonable accommodation under the ADA. The ADA policy shall also include the following language: "A request for leave as a reasonable accommodation will be considered, as leave may be a reasonable accommodation if it will allow a qualified individual with a disability to continue to work in the immediate future."

A copy of the Policy will be provided to the EEOC for review within thirty (30) calendar days after the Court's entry of this Consent Decree. Thereafter, copies of the Policy will be distributed to each of the Plant's employees and managers within forty-five (45) calendar days after the Court's entry of this Consent Decree. New employees will receive a hard copy of the Policy on or before their first day of work. A copy of the Policy shall be included in any relevant policy or employee manual maintained by the Plant.

    6.    During the term of this Consent Decree, the Plant shall post a copy of the policy described in paragraph 5 above in a place where it is visible to employees.

If the policy becomes defaced or unreadable, the Plant shall replace it by posting another copy of the policy. Within forty-five (45) calendar days after the Consent Decree is entered, the Plant will post the policy and notify the Commission that it has been posted.

7. During the term of this Consent Decree, TreeHouse Private Brands, Inc. shall provide an annual training to all the Plant's managers, supervisors, and employees. Each training shall include an explanation of the requirements of the ADA, including the reasonable accommodation requirements and the interactive process. Each training shall also include an explanation of the Plant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within sixty (60) calendar days after entry of this Consent Decree by the Court. The subsequent training program shall be conducted approximately one year later. At least fifteen (15) business days prior to each training, TreeHouse Private Brands, Inc. shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. TreeHouse Private Brands, Inc. should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within ten

(10) business days after completion of each training, TreeHouse Private Brands, Inc. shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, the Plant shall conspicuously post the attached Employee Notice, marked Exhibit A, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, the Plant shall replace it by posting another copy of the Notice. Within ten (10) business days after entry of this Consent Decree, TreeHouse Private Brands, Inc. shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, TreeHouse Private Brands, Inc. shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

> A. the identities of all individuals employed at the Plant who have reported any incidents of disability discrimination, to include any complaints that the individual was denied a reasonable accommodation for their disability or discharged because of their disability, including each person's name, address, telephone number, and position title;

      B.    for each individual identified in 9.A above, explain what actions were taken by TreeHouse Private Brands, Inc. in response to the individual's report;

      C.    for each individual identified in 9.A above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

      D.    for each individual whose employment status has changed as identified in 9.C. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 9.A. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, TreeHouse Private Brands, Inc. shall send the Commission a "negative" report indicating no activity.

10.    The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect the Plant's facilities, interview employees at the Plant, and examine and copy documents at the Plant. The Commission will give TreeHouse Private Brands, Inc.'s contact designated in Paragraph 13 of this Consent Decree twenty-four (24) hours' notice before undertaking any such review.

11.    If at any time during the term of this Consent Decree the Commission believes that TreeHouse Private Brands, Inc. is in violation of the Consent Decree,

the Commission shall give notice of the alleged violation to TreeHouse Private Brands, Inc. TreeHouse Private Brands, Inc. shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Consent Decree shall be for eighteen (18) months from its entry by the Court.

13. All notices to TreeHouse Private Brands, Inc. by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Hillary Klein, Husch Blackwell, LLP (hillary.klein@huschblackwell.com) and Scott Gross, TreeHouse (scott.gross@treehousefoods.com). If at any time during the term of this Consent Decree TreeHouse Private Brands, Inc's designated point of contact changes, TreeHouse Private Brands, Inc. shall notify the Commission and provide contact information for a new designated point of contact within ten (10) business days of the change.

14. All reports or other documents sent to the Commission by TreeHouse Private Brands, Inc. pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to:

>Marcus G. Keegan
>Regional Attorney
>Equal Employment Opportunity Commission
>Sam Nunn Atlanta Federal Center
>100 Alabama Street, SW
>Suite 4R30
>Atlanta, Georgia 30303

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_____  _____
Date                                                        Judge, U.S. District Court
                                                                    Northern District of Georgia

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | /s/ *Hillary L. Klein (w/e/p by Robyn M. Flegal)* <br> Hillary L. Klein <br> Admitted Pro Hac Vice <br> Husch Blackwell LLP <br> 736 Georgia Avenue, Suite 300 <br> Chattanooga, TN 37402 <br> Telephone: 423.266.5500 <br> Facsimile: 423.266.5499 <br> Hillary.klein@huschblackwell.com |
| GWENDOLYN YOUNG REAMS <br> Acting General Counsel | |
| LISA MORELLI <br> Acting Associate Deputy General Counsel | |
| MARCUS G. KEEGAN <br> Regional Attorney | |
| LAKISHA DUCKETT ZIMBABWE <br> Supervisory Trial Attorney | Christopher G. Moorman <br> Georgia Bar No. 521490 <br> One Midtown Plaza <br> 1360 Peachtree Street, N.E. <br> Suite 1205 <br> Atlanta, GA 30309 <br> Telephone: 404.898.1242 <br> Facsimile: 404.898.1241 <br> cgm@moormanpieschel.com |
| /s/ *Robyn M. Flegal* <br> Robyn M. Flegal, Esq. <br> Trial Attorney <br> Georgia Bar No. 599572 <br> Equal Employment Opportunity Commission <br> Atlanta District Office <br> 100 Alabama Street, S.W. <br> Suite 4R30 <br> Atlanta, Georgia 30303 <br> E: robyn.flegal@eeoc.gov <br> T: (404) 562-6882 | Attorneys for Defendants TreeHouse Foods, Inc. and TreeHouse Private Brands, Inc. |
| Attorneys for Plaintiff EEOC | |
| AND | |